UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ELLA HOLMES-HINES ) | | |
| ) | Case Number | |
| Plaintiff ) | | |
| ) | | |
| vs. ) | CIVIL COMPLAINT | |
| ) | | |
| NCB MANAGEMENT SERVICES,) | | |
| INC. ) | | |
| ) | JURY TRIAL DEMANDED | |
| Defendant ) | | |
| ) | | |

**COMPLAINT AND JURY DEMAND**

**COMES NOW,** Plaintiff, Ella Holmes-Hines, by and through her undersigned counsel, Brent F. Vullings, Esquire, of Vullings Law Group, LLC, complaining of Defendant and respectfully avers as follows:

### I.    INTRODUCTORY STATEMENT

1.    Plaintiff, Ella Holmes-Hines, (hereinafter "Plaintiff"), is an adult natural person and she brings this action for actual and statutory damages and other relief against Defendant, for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

### II.    JURISDICTION

2.    Jurisdiction of this court arises under 15. U.S.C. § 1692k(d) and 28 U.S.C. §1337.

3.	Venue in this District is proper in that the Defendant maintains a primary location in this District.

### III.	PARTIES

4.	Plaintiff, Ella Holmes-Hines, (hereafter, Plaintiff) is an adult natural person residing in Gulfport, MS 39505.  At all times material and relevant hereto, Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a (2).

5.	Defendant, NCB Management Services Inc., (hereafter, Defendant) at all times relevant hereto, is and was a corporation engaged in the business of collecting debt within the Commonwealth of Pennsylvania and the State of Mississippi with a principal place of business located at One Allied Drive, Trevose, PA 19053.

6.	Defendant is engaged in the collection of debts from consumers using the telephone and mail.  Defendant, is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

### IV.	FACTUAL ALLEGATIONS

7.	On or about May 25, 2012, Plaintiff contacted Chase Bank by mail to see if they could lower her monthly payment to approximately $60.00 a month on her credit card account as she was struggling with money due impart to an ongoing medical condition.

8.	Plaintiff was currently making payments of $145.00 per month.

9.	Plaintiff admittedly was unable to keep up with the payments at the required monthly amount.

10. Despite contacting Chase directly, Plaintiff did not receive a response from Chase and her account was ultimately transferred to the Defendant for collection.

11. In or around June, 2012, Plaintiff started to receive calls from the Defendant to her home and to her work issued cell phone demanding full payment on the above referenced account.

12. Defendant is attempting to collect a balance of $4,376.96 plus cost and interest.

13. At that time, the Plaintiff tried to explain that she had been trying to contact Chase directly on this account to try and work out more affordable payments.

14. Defendant informed the Plaintiff that they were now collecting on this account and that she needed to make payment directly to the Defendant.

15. Defendant further stated that she would not be able to work out lower payments as her account was $729.92 over her set credit limit.

16. Plaintiff continued to receive at least three (3) to four (4) calls per day from the Defendant.

17. Plaintiff insisted that the Defendant stop placing calls to her work issued cell phone as personal calls of any kind were not permitted.

18. The Defendant continued, however, to place calls to the Plaintiff's work cell phone despite being told on several occasions that they had to stop.

19. Plaintiff states that she had received multiple voice mail messages on her work cell phone from the Defendant insisting that she call back immediately.

20. During one call with the Defendant, the Plaintiff asked Defendant's agent if it were possible at all to have a three (3) way call with Chase to discuss a manageable monthly payment.

21. Defendant's agent agreed, and put the Plaintiff on hold for a short time.

22. However, a supervisor of the Defendant returned to the line and informed the Plaintiff that such a call could not take place.

23. Plaintiff was then lambasted by the same female supervisor that if she had issues with Chase, she would need to contact them herself, however, she needed to know that there was no way that Chase was going to take her account back from the Defendant.

24. Plaintiff was rudely told that she just needed to make payment arrangements with the Defendant and stop trying to have Chase take the account back.

25. Plaintiff ended the call.

26. Plaintiff did place a call to Chase, but they refused to discuss the account with her since it had now been placed with the Defendant.

27. Chase then transferred the Plaintiff's call back to the Defendant.

28. The Defendant continues to refuse to accept payments of $60.00 from the Plaintiff insisting that they are far too low.

29. Unsure what else to do, the Plaintiff has continued to send monthly payments directly to Chase on this account.

30. Chase has continued to accept and not return said payments.

31. Chase however, does not appear to be crediting the Plaintiff's account, as the Defendant continues to try and collect the full amount of $4,376.96.

32. The Defendant acted in a false, deceptive, misleading and unfair manner when they engaged in conduct the natural consequences of which is to harass, oppress, or abuse such person in connection with the collection of a debt.

33. At all times pertinent hereto, the conduct of Defendant, as well as their agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

34. At all times pertinent hereto, Defendant, was acting by and through their agents, servants and/or employees, who were acting with the scope and course of their employment and under the direct supervision and control of Defendant, herein.

35. As a result of the conduct of Defendant, Plaintiff has sustained actual damages, including, but not limited to, injury to Plaintiff's reputation, invasion of privacy, damage to Plaintiff's credit, out-of-pocket expenses, physical, emotional and mental pain and anguish and pecuniary loss and she will continue to suffer same for an indefinite time in the future, all to her great detriment and loss.

36. Defendant knew or should have known that their actions violated the FDCPA.  Additionally, Defendant, could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

## COUNT I – FDCPA

37. The above paragraphs are hereby incorporated herein by reference.

38. At all times relevant hereto, Defendant was attempting to collect an alleged debt which was incurred by the Plaintiff for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

39. The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of 15 U.S.C. § 1692:

| | |
|---|---|
| §§ 1692c(a)(3): | At place of employment when knows that the employer prohibits such communication |
| §§ 1692d: | Any conduct the natural consequence of which is to harass, oppress or abuse any person |
| §§ 1692d(5): | Caused the phone to ring or engaged any person in telephone conversations repeatedly |
| §§ 1692e: | Any other false, deceptive, or misleading representation or means in connection with the debt collection |
| §§ 1692f: | Any unfair or unconscionable means to collect or attempt to collect the alleged debt |

**WHEREFORE**, Plaintiff respectfully requests that this court enter judgment in her favor and against NCB Management Services Incorporated, for the following:

a. Actual damages;

d. Statutory damages pursuant to 15 U.S.C. §1692k;

  c.  Reasonable attorney's fees and costs of suit pursuant to 15 U.S.C. §1692k; and

  d.  Such addition and further relief as may be appropriate or that the interests of justice require.

## V.  JURY DEMAND

Plaintiff hereby demands a jury trial as to all issues herein.

           **Respectfully submitted,**

           **VULLINGS LAW GROUP, LLC**

**Date:  November 29, 2012**  **BY:** _/s/Brent F. Vullings bfv8435_
           Brent F. Vullings, Esquire

           Vullings Law Group, LLC
           3953 Ridge Pike
           Suite 102
           Collegeville, PA 19426
           610-489-6060
           610-489-1997 (fax)
           Attorney for Plaintiff
           bvullings@vullingslaw.com